# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFIERI, LLC and ENVIRONMENTAL PROGRAM MANAGEMENT CORPORATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, CRC INSURANCE SERVICES, INC., SCOTT C. HANDWERGER and A. LOGAN INSURANCE BROKERAGE, INC.,<br><br>*Defendants*. | CIVIL ACTION NO. _____<br><br>[This Document has been Electronically Filed]<br><br>**NOTICE OF REMOVAL** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE that defendant, Zurich American Insurance Company, by and through its undersigned attorneys, files this Notice of Removal pursuant to 28 U.S.C. §§1332 and 1441, removing the above-captioned case filed by plaintiffs, Alfieri, LLC and Environmental Program Management Corporation, from the Superior Court of New Jersey, Law Division, Middlesex County. The grounds for removal are as follows:

## CASE BACKGROUND

1. On or about April 11, 2017, the plaintiffs, Alfieri, LLC and Environmental Program Management Corporation commenced the instant action in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-2182-17, against defendants Zurich American Insurance Company, CRC Insurance Services, Inc., Scott C. Handwerger and A. Logan Insurance Brokerage, Inc. A true and correct copy of the Summons and Complaint are attached as Exhibit A.

2. Plaintiffs seek workers compensation coverage and other relief and damages arising out of a September 29, 2015 workplace accident involving EPMC's employee, Michael Moriarty. *See* Complaint.

## CITIZENSHIP OF PARTIES

3. The plaintiff, Alfieri, LLC ("Alfieri") is a New Jersey limited liability company with its principal place of business located at 399 Thornall Street, Edison, New Jersey 08837. Upon information and belief, Michael Alfieri is the sole member of the plaintiff limited liability company and is a natural person domiciled in the State of New Jersey.

4. For diversity jurisdiction purposes, Alfieri is a citizen of the State of New Jersey pursuant to 28 U.S.C. §1332.

5. The plaintiff, Environmental Program Management Corporation ("EPMC") is a corporation duly organized, existing and incorporated under the laws of the State of New Jersey with its principal place of business located at 399 Thornall Street, Edison, New Jersey 08837.

6. For diversity jurisdiction purposes, EPMC is a citizen of the State of New Jersey pursuant to 28 U.S.C. §1332.

7. The defendant, Zurich American Insurance Company ("ZAIC"), is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

8. For diversity jurisdiction purposes, ZAIC is a citizen of the State of Illinois and the State of New York, pursuant to 28 U.S.C. §1332.

9. The defendant, CRC Insurance Services, Inc. ("CRC") is a corporation duly organized, existing and incorporated under the laws of the State of Alabama with its principal place of business located at One Metroplex Drive, Birmingham, Alabama 35209.

10. For diversity jurisdiction purposes, CRC is a citizen of the State of Alabama pursuant to 28 U.S.C. §1332.

11. The defendant, A. Logan Insurance Brokerage, Inc. ("Logan") is a corporation duly organized, existing and incorporated under the laws of the State of New York with its principal place of business located at 260 West 36th Street, 3rd floor, New York, New York 10018.

12. For diversity jurisdiction purposes, Logan is a citizen of the State of New York pursuant to 28 U.S.C. §1332.

13. The defendant, Scott C. Handwerger ("Handwerger") is a resident of Chappaqua, New York residing at 100 Marcourt Drive, Chappaqua, New York 10514.

14. For diversity jurisdiction purposes, Handwerger is a citizen of the State of New York pursuant to 28 U.S.C. §1332.

15. There is complete diversity between plaintiffs and defendants pursuant to 28 U.S.C. §1332.

## THIS REMOVAL NOTICE IS TIMELY

16. The Complaint was filed on April 11, 2017, and served on ZAIC on April 27, 2017. *See* Exhibit B, Affidavit of Service of the Summons and Complaint.

17. Pursuant to 28 U.S.C. §1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…"

18. Thirty (30) days from service upon ZAIC is May 27, 2017. As this Notice is being filed on or before that date, ZAIC's Notice of Removal is timely pursuant to 28 U.S.C. §1446(b).

## AMOUNT IN CONTROVERSY

19. This action arises out of a claim for workers compensation benefits related to a September 29, 2015 workplace accident involving EPMC's employee, Michael Moriarty ("Moriarty Claim"). *See* Complaint, ¶47.

20. Plaintiffs claim that Moriarty allegedly suffered "a serious injury precluding him from continued employment and requiring surgery and other significant medical treatment." *Id.*

21. According to plaintiffs, ZAIC owes workers compensation coverage to EPMC in connection with the Moriarty Claim. *See* Complaint, First Count, *ad damnum* clause.

22. In the First Count, plaintiffs assert a cause of action against ZAIC for declaratory judgment seeking a declaration that (1) EPMC is a named insured under the ZAIC workers compensation policy; (2) compelling ZAIC to provide full workers compensation coverage to EPMC in connection with the Moriarty Claim; and (3) compelling ZAIC to defend and indemnify EPMC in connection with the Moriarty Claim. *See* Complaint, First Count, *ad damnum* clause. Plaintiffs further seek compensatory, consequential, and incidental damages, and attorney's fees. *Id.*

23. In the Second Count, plaintiffs assert a cause of action against ZAIC for breach of statute and contract and seek compensatory, consequential, and incidental damages, and attorney's fees. *See* Complaint, Second Count, *ad damnum* clause.

24. Plaintiffs also assert a variety of claims against the other defendants CRC, Logan and Handwerger including breach of statute and contract, breach of contract, breach of implied

covenant of good faith and fair dealing, professional malpractice and promissory estoppel. *See* Complaint, ¶¶72-95.

25. It is believed, and therefore averred, that from a reasonable reading of the plaintiffs' Complaint, plaintiffs allege monetary damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## REMOVAL PREREQUISITES HAVE BEEN MET

26. This action is one over which this Court has original jurisdiction under 28 U.S.C. §1332(a) and is one that may be removed to this Court by the defendant pursuant to 28 U.S.C. §§1441(a) and (b), in that it is a suit constituting a dispute between citizens of different states and the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

27. The Notice of Removal has been timely made pursuant to 28 U.S.C. §1446(b).

28. Defendant has sought no similar relief with respect to this matter.

29. Co-defendants CRC, Logan and Handwerger each consent to and join in the removal of this action from Middlesex County to the United States District Court for the District of New Jersey. *See* Certifications in Support of Consent to Removal collectively attached at Exhibit C.

30. Concurrent with the filing of this Notice, defendant is serving this Notice of Removal upon counsel for all parties, and will promptly file a copy of the Notice with the Middlesex County Clerk of the Superior Court of New Jersey.

WHEREFORE, Notice is given that this action is removed from of the Middlesex County Superior Court to the United States District Court for the District of New Jersey.

Dated:  May 19, 2017

> By: /s/ Louis A. Bové, Esquire
> Louis A. Bové, Esquire
> Robert D. Fischer, Esquire
> BODELL BOVÉ LLC
> 1845 Walnut Street
> Suite 1100
> Philadelphia, PA 19103
> Tel: (215) 864-6600
> Fax: (215) 864-6610
> lbove@bodellbove.com
> rfischer@bodellbove.com
> *Attorney(s) for Defendant, Zurich American Insurance Company*